IN THE UNITED STATES DISTRICT COURT
FOR THE STATE OF SOUTH CAROLINA

| | |
|---|---|
| JANET RUHE, INDIVIDUALLY AND PAUL B. FERRARA, III, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF CLAYTON MAC WHITE, DECEASED<br><br>　　　　Plaintiff<br>v.<br><br>BRUCE K. BOWEN, INDIVIDUALLY AND SOPRIS MEDICAL PRACTICE, P.C.<br><br>　　　　Defendants. | CASE NO.: 2:15-cv-03792-DCN<br><br>**COMPLAINT**<br>**JURY DEMAND** |

NOW COMES the Plaintiffs, Janet Ruhe, individually, and Paul B. Ferrara, III, as Personal Representative of the Estate of Clayton Mac White, deceased, by and through their attorney, Paul B. Ferrara, III and allege the Complaint as follows:

1. The Plaintiff, Janet Ruhe, is a citizen and resident of the State of Florida.

2. The Plaintiff, Paul B. Ferrara, III, is the personal representative for the Estate of Clayton Mac White, deceased. A copy of the order of appointment is attached as Exhibit "A." The estate of Clayton Mac White is in the State of South Carolina.

3. The Defendant, Sopris Medical Practice, P.C. (hereinafter referred to as "Sopris Medical") is a business organized and existing pursuant to the laws of the State of Colorado with its principal place of business located in Eagle County, Colorado. At all times relevant to the matters alleged herein, Sopris Medical was acting by and through its actual and apparent agents, servants and employees whose conduct is legally responsible.

1

4. The Defendant, Bruce K. Bowen, MD (hereinafter referred to as "Dr. Bowen") is a citizen and resident of the State of Colorado and is a physician licensed to practice medicine in the State of Colorado. At all times relevant to the matters alleged herein, Dr. Bowen had a physician-patient relationship with the deceased, Clayton Mac White.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as it is as dispute between residents of different States and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

6. Venue of this action in this district and division is appropriate pursuant to 28 U.S.C. § 1404 for the convenience of the parties and witnesses and in the interest of justice. The decedent was domiciled in South Carolina at the time of his death, the decedent's estate is in the State of South Carolina, and Plaintiff Janet Ruhe and all other witness are located in South Carolina and Florida.

7. The Plaintiff will submit a Certificate of Review pursuant to C.R.S. Section 13-20-602 within sixty (60) days after service of the Complaint.

## GENERAL ALLEGATIONS

8. The Plaintiffs hereby incorporate the allegations of the foregoing Paragraphs as if fully restated herein.

9. On or about June 1, 2011, the decedent, Clayton Mac White, began treating with Dr. Bowen at Sopris Medical for pain management for chronic back pain resulting from lumbar fusion surgery and a spinal stimulator.

10. Dr. Bowen is a General Practitioner certified in Family Practice Medicine, Obesity Medicine, and Colorado Workman Compensation Level II.

2

11. Dr. Bowen and Sopris Medical provide primary care, family care, weight loss, geriatric care, pediatric care, and adult health care.

12. Upon information and belief, Dr. Bowen does not specialize in pain management, is not board certified in pain management, and Sopris Medical is not a certified pain management clinic.

13. Dr. Bowen was a family friend of the deceased, Clayton Mac White.

14. Dr. Bowen and Sopris Medical treated the decedent for pain management for a period of over two years.

15. Dr. Bowen prescribed opioids to the decedent.

16. The decedent repeatedly ran out of his medication early and/or lost his medication and frequently requested early refills, or additional medication.

17. Dr. Bowen and Sopris Medical had knowledge of the decedent's addiction and misuse of the opioids.

18. Despite having knowledge of the decedent's addiction and misuse, Dr. Bowen continued to overprescribed opioids.

19. Further, Dr. Bowen prescribed the opioids in combination with a

20. On September 22, 2013, Clayton Mac White died as a result of Alprazolam and Oxycodone intoxication, a fatal Opioid/ Benzodiazepine combination.

21. At the time of his death, the deceased, Clayton Mac White, was employed as a salesman with Forever Living Products.

3

## FOR A FIRST CAUSE OF ACTION
### (Negligence / Medical Malpractice, Dr. Bruce K. Bowen Wrongful Death and Survival Action)

22. The Plaintiffs hereby incorporate the allegations of the foregoing Paragraphs as if fully restated herein.

23. Dr. Bowen was negligent in his care and treatment of the decedent and as a result, the decedent died.

24. Dr. Bowen owed a duty to exercise a degree of care, skill, caution, diligence and foresight exercised by and expected of physicians in similar situations.

25. That Dr. Bowen, upon information and belief, caused the wrongful death of the Plaintiffs' decedent by deviating from the standard of care and treatment of the decedent by one or more of the following particulars, of negligence, gross negligence and/or recklessness to wit:

    a. In treating the decedent for pain management;

    b. In overprescribing opioids;

    c. In prescribing a deadly combination of opioids and benzodiazepine;

    d. In continuing to prescribe opioids with knowledge that the decedent was addicted;

    e. In continuing to prescribe opioids with knowledge that the decedent was misusing the medication;

    f. In failing to refer the decedent to a pain management clinic; and

    g. In failing to educate the decedent on the appropriate use of opioids.

26. Dr. Bowen's negligence proximately caused the decedents' death and were a direct, natural, probable result and/or a substantial factor in bringing about decedents' death.

4

27. Dr. Bowen's negligence proximately caused the Plaintiffs' injuries and were a direct, natural, probable result and/or a substantial factor in bringing about the Plaintiffs' injuries.

28. The Plaintiffs' are entitled to recover from Dr. Bowen all actual, consequential, incidental, economic and non-economic damages, including conscious pain and suffering, emotional distress and punitive damages, including reasonable attorney fees and costs.

## FOR A SECOND CAUSE OF ACTION
### (Vicarious Liability – Sopris Medical Practice, P.C.)

29. The Plaintiffs hereby incorporate the allegations of the foregoing Paragraphs as if fully restated herein.

30. At all times relevant to this Complaint, Dr. Bowen was an employee or agent of Defendant Sopris Medical, acting within his scope and course of employment.

31. Defendant Sopris Medical is vicariously liable for any negligence on the part of Dr. Bowen who provided care and treatment to the Plaintiffs' decedent.

32. Dr. Bowen was negligent in his care and treatment of the decedent and as a result, the decedent died.

33. Dr. Bowen owed a duty to exercise a degree of care, skill, caution, diligence and foresight exercised by and expected of physicians in similar situations.

34. That Dr. Bowen, upon information and belief, caused the wrongful death of the Plaintiffs' decedent by deviating from the standard of care and treatment of the decedent by one or more of the following particulars, of negligence, gross negligence and/or recklessness to wit:

   a. In treating the decedent for pain management;

5

    b. In overprescribing opioids;

    c. In prescribing a deadly combination of opioids and benzodiazepine;

    d. In continuing to prescribe opioids with knowledge that the decedent was addicted;

    e. In continuing to prescribe opioids with knowledge that the decedent was misusing the medication;

    f. In failing to refer the decedent to a pain management clinic; and

    g. In failing to educate the decedent on the appropriate use of opioids.

35. Dr. Bowen's negligence proximately caused the decedents' death and were a direct, natural, probable result and/or a substantial factor in bringing about decedents' death.

36. Dr. Bowen's negligence proximately caused the Plaintiffs' injuries and were a direct, natural, probable result and/or a substantial factor in bringing about the Plaintiffs' injuries.

37. The Plaintiffs' are entitled to recover from Sopris Medical all actual, consequential, incidental, economic and non-economic damages, including conscious pain and suffering, emotional distress and punitive damages, including reasonable attorney fees and costs.

## **CONSCIOUS PAIN AND SUFFERING**

38. The Plaintiffs hereby incorporate the allegations of the foregoing Paragraphs as if fully restated herein.

39. That, upon information and belief, before he died the decedent most probably suffered excruciating pain and suffering for some period of time and upon information and belief, the estate of the decedent is entitled to recover from the

6

Defendants a sum adequate to fully compensate the decedent's estate for the pain and suffering endured by the Plaintiffs' decedent.

40. That, upon information and belief, the death of the decedent and the conscious pain and suffering endured by the Decedent was directly and proximately caused by the negligence, gross negligence and/or recklessness of the Defendants Dr. Bowen and Sorpis Medical and the decedent's estate is entitled to recover said damages from the Defendants.

WHEREFORE, the Plaintiffs pray for a trial by jury and a judgment against all the Defendants for such actual, incidental, consequential, economic and non-economic and punitive damages, including attorney fees, costs, and funeral, burial, interment, or cremation expenses as a judge or jury shall deem just and appropriate under the facts and circumstances of this case, together with the costs and disbursements of this action and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

FERRARA LAW FIRM, PLLC,

/s/ Paul B. Ferrara, III
PAUL B. FERRARA, III
Attorney for Plaintiffs
2300 Otranto Road
North Charleston, SC 29406
Federal Bar No.: 8048
T: 843-569-5511 / F: 843-569-5411
Email: paul@ferraralawfirm.net

September 21, 2015

7

## DEMAND FOR JURY TRIAL

The Plaintiffs, Janet Ruhe and Paul B. Ferrara, III as the personal representative of the estate of Clayton Mac White, deceased, demand a jury trial on all claims and issues triable by a jury.

/s/ Paul B. Ferrara, III
Paul B. Ferrara, III